IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **HAROLD WAYNE NICHOLS**, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. _____ |
| **v.** | ) |
| | ) |
| **BRUCE WESTBROOKS**, Warden, | ) |
| | ) |
| Respondent. | ) |

## SECOND PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS

Dana C. Hansen Chavis, BPR# 19098
FEDERAL DEFENDER SERVICES
 OF EASTERN TENNESSEE, INC.
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN  37929
(865) 637-7979

*Attorney for Petitioner Nichols*

# Table of Contents

PARTIES ........................................................................................................................... 1

JURISDICTION AND VENUE ...................................................................................... 2

STATEMENT OF THE CASE ........................................................................................ 2

CLAIM FOR RELIEF ...................................................................................................... 4

    The death sentence should be vacated because it is supported by an unconstitutionally vague aggravating circumstance, as demonstrated by a new substantive rule of constitutional law applicable to cases on collateral review. ...... 4

    1.    A sentence enhancement based on a prior conviction of an unenumerated violent felony is constitutionally vague. .................................................................. 5

    2.    The prior violent felony aggravating circumstance supporting Nichols' death sentence is unconstitutionally vague. ..................................................................... 6

    3.    This claim has not been exhausted in state court because it is based on a new substantive rule of constitutional law applicable to cases on collateral review. ........................................................................................................................ 9

RELIEF REQUESTED .................................................................................................. 13

CERTIFICATE OF SERVICE ....................................................................................... 14

VERIFICATION OF COUNSEL .................................................................................. 15

VERIFICATION OF NICHOLS ................................................................................... 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **HAROLD WAYNE NICHOLS**, ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | |
| **v.** ) | Case No. _____ |
| ) | Death Penalty Case |
| **BRUCE WESTBROOKS**, Warden ) | |
| ) | |
| Respondent-Appellee. ) | |

## SECOND PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS

COMES NOW the Petitioner, Harold Wayne Nichols, through his undersigned counsel of record, pursuant to all applicable law, including all applicable provisions of 28 U.S.C. § 2241, et. seq. (including 28 U.S.C. § 2254), and moves this Court to issue a writ of habeas corpus for Respondent to bring Petitioner before the Court to the end that he may be discharged from his unconstitutional and invalid sentence of death.

### PARTIES

The Petitioner, Harold Wayne Nichols is an adult, resident citizen of the United States of America currently incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee.

The Respondent, Bruce Westbrooks, is the warden of Riverbend Maximum Security Institution where Mr. Nichols is detained. Mr. Westbrooks is detaining

{1}

Mr. Nichols pursuant to a judgment of the Criminal Court of Hamilton County, Tennessee, in violation of the Constitution or laws of the United States, as described herein.

## JURISDICTION AND VENUE

This Court has jurisdiction to entertain and grant the relief requested in this petition for writ of habeas corpus pursuant to Article I § 9 of the United States Constitution, Article III of the United States Constitution, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1331, and 28 U.S.C. § 2241 et. seq., including 28 U.S.C. § 2254.

Venue is proper in this district pursuant to 28 U.S.C. § 2241(d), since Nichols was tried, convicted and sentenced to death in the Criminal Court of Hamilton County, Tennessee.

## STATEMENT OF THE CASE

In 1990, Nichols was convicted of first-degree felony murder (committed in 1988) and sentenced to death. The death sentence is solely supported by the prior violent felony statutory aggravating circumstance: "the murder's occurrence during the commission of a felony." *State v. Nichols*, 877 S.W.2d 722, 726 (Tenn. 1994), *citing* Tenn. Code Ann. § 39-2-204(i)(2); *see also*, *id.* at 736. At the time of the crime in this case, the language of the prior violent felony aggravator in Tennessee's capital sentencing statute required a conviction that involves "the use or threat of violence to the person." Tenn. Code Ann. § 39-2-203(i)(2) (1982). The language of the prior violent felony aggravator actually used against Nichols requires "one or

{2}

more felonies, other than the present charge, the statutory elements of which involved the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (1990). The jury was instructed and found that "[t]he defendant was previously convicted of one or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person." (R.43, Addendum 5, Volume 24, trial transcript p. 583).

On additional convictions of aggravated rape and first-degree burglary the trial court imposed consecutive prison sentences of 60 years and 15 years. The convictions and sentences were upheld on direct appeal. *State v. Nichols*, 877 S.W.2d 722 (Tenn. 1994), *cert. denied*, 513 U.S. 1114 (1995).

Nichols filed a timely petition for post-conviction relief which was denied by the state courts. *Nichols v. State*, E198-00562-CCA-R3-PD, 2001 WL 55747 (Tenn.Crim.App. Jan. 19, 2001); *Nichols v. State*, 90 S.W.3d 576 (Tenn. 2002).

Nichols' timely-filed petition for writ of habeas corpus was denied by this Court. *Nichols v. Bell*, 440 F.Supp.2d 730 (E.D. Tenn. 2006). The court of appeals affirmed. *Nichols v. Heidle*, 725 F.3d 516 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 704 (2014).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). *Johnson* held that the language of the federal statute that enhances a sentence based upon a prior violent felony is unconstitutional under the void-for-vagueness doctrine mandated by the Due Process Clause of the Fifth and Fourteenth Amendments.

On April 18, 2016, the United States Supreme Court decided *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). *Welch* held that *Johnson* is a new rule of constitutional law that has retroactive effect in cases on collateral review.

On May 17, 2016, Nichols filed in the court of appeals an Application for Leave to File a Second or Successive Habeas Petition Under 28 U.S.C. § 2244 based on *Johnson*, *supra*, and *Welch*, *supra*.

On _____, the court of appeals authorized Nichols to file a second or successive habeas petition.

This petition is timely filed within one year of the Supreme Court's decision in *Johnson*, *supra*, (June 26, 2015), and the Supreme Court's decision in *Welch*, *supra*, (April 18, 2016), which declared that the rule in *Johnson* is applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

## CLAIM FOR RELIEF

**The death sentence should be vacated because it is supported by an unconstitutionally vague aggravating circumstance, as demonstrated by a new substantive rule of constitutional law applicable to cases on collateral review.**

Nichols is in custody and sentenced to death pursuant to the judgment of a state court that violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Eighth Amendment of the United States Constitution. 28 U.S.C. §§ 2241 and 2254(a). He asserts herein a new or different ground for relief based on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

The Fifth and Fourteenth Amendments provide that "no person shall . . . be deprived of life, liberty, or property, without due process of law."  This guarantee is violated when a State takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.  *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983).  The void-for-vagueness doctrine applies not only to statutes defining elements of crimes, but also to statutes fixing sentences.  *United States v. Batchelder*, 442 U.S. 114, 123 (1979).  Such vagueness in the death penalty context violates not only the Fifth and Fourteenth Amendments but also the Eighth Amendment.  *Maynard v. Cartwright*, 486 U.S. 356, 363-64 (1988).  It is axiomatic that a sentence of death which rests entirely upon an unconstitutionally vague aggravating factor is invalid.  *Godfrey v. Georgia*, 446 U.S. 420, 427-28 (1980).

1. **A sentence enhancement based on a prior conviction of an unenumerated violent felony is constitutionally vague.**

In *Johnson v. United States*, *supra*, the Supreme Court examined the residual clause of the federal Armed Career Criminal Act (ACCA) that enhances punishment for a felon being in possession of a firearm if that felon had three previous convictions for a "violent felony."  The statute's residual clause defined this term to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56, (citing 18 U.S.C. § 924(e)(2)(B)).  The Court held that under the Due Process Clause, this language
{5}

was unconstitutionally vague because it "Le[ft] grave uncertainty about how to estimate the risk posed by a crime" and it "le[ft] uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58. In other words, it failed to provide notice of the conduct that could be used to enhance a sentence and it failed to provide a standard that avoided arbitrary application. *Id*. at 2556.

The Supreme Court recently announced that *Johnson* is a new substantive rule of Constitutional law applicable to cases on collateral review.[1] *Welch*, 136 S. Ct. at 1265, 1268.

### 2. The prior violent felony aggravating circumstance supporting Nichols' death sentence is unconstitutionally vague.

The statutory language of the aggravating factor that increased the punishment in this case is essentially the same as the language of the ACCA residual clause that has been declared unconstitutionally vague. Any differences have no impact on the constitutional analysis. The language of the sentencing statute in *Johnson* requires a conviction that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56. The language of the prior violent felony aggravator in the Tennessee death penalty statute at the time of the crime required a conviction that involved "the use or threat of violence to the person." Tenn. Code Ann. 39-2-203(i)(2) (1982). The prior

---

[1] Given the very recent pronouncement of the retroactive effect of *Johnson*, Nichols will be exhausting any available state court remedies as expeditiously as possible. *See* 28 U.S.C. § 2254(b).

violent felony aggravator used against Nichols requires "one or more felonies, other than the present charge, the statutory elements of which involved the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (1990). Under Tennessee law, the prior violent felony aggravator enhances the punishment for first degree murder even where violence is not necessarily an element of the prior offense. *See State v. Sims*, 45 S.W.3d 1, 10-12 (Tenn. 2001) (requiring an examination of whether the defendant's actual conduct at the time of the prior offense involved the use or threat of violence). Such uncertainty about what constitutes a violent felony is what rendered the federal statute void-for-vagueness.

Both statutes necessitate an examination of whether the crime of conviction involves conduct that presents a risk of (or involved) physical injury (or violence) so great as to justify an enhanced punishment. Determining whether any crime, as defined by the particular statute, involved any type of conduct apart from its enumerated elements is an impossibly speculative task. The Supreme Court found this to be true even where "common sense" might dictate what type of conduct was involved in committing certain offenses. *Johnson*, 135 S. Ct. at 2559.

Just as the Supreme Court found in *Johnson*, Tennessee's prior violent felony aggravating circumstance is unconstitutionally vague. Like the language of the residual clause that was the focus of the *Johnson* opinion, the language of the aggravating circumstance not only requires a "conviction" but also requires consideration of the conduct of the offense rather than the elements of conviction. Since the Tennessee aggravator is established by conduct rather than elements,

{7}

vagueness as to what supports it is the necessary result. Prior violent felony convictions that involve "the use or threat of violence to the person" are innumerable, particularly when the sentencer must potentially look at crimes committed in any jurisdiction. The category of crimes that involve the use of violence to the person is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" *Johnson*, 135 S. Ct. at 2556.

The *Johnson* rule has been applied in areas other than the ACCA. Courts have determined that "a couple of minor distinctions between the text of the residual clause" and other definitions of violent felonies do not undermine "the applicability of *Johnson*'s fundamental holding[.]" *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). Accordingly, the definition of "aggravated felony" for immigration cases has been declared unconstitutionally vague under *Johnson*. *See e.g.*, *Dimaya*, 803 F.3d at 1120 (applying *Johnson* to the INA's definition of a crime of violence);[2] *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (same). The *Johnson* rule has likewise been applied to Sentencing Guidelines relying upon a "crime of violence" to enhance a sentence. *See e.g.*, *United States v. Hudson*, 2016

---

[2] "The term "crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §16.

{8}

WL 2621093 (1st Cir. May 9, 2016);[3] *United States v. Martinez*, 2016 WL 1743014 (8th Cir. 2016). *See also United States v. Pawlak*, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016) (applying *Johnson* to U.S.S.G. §2K2.1(a)(1) ("felony convictions of either a crime of violence or a controlled substance offense")).

The *Johnson* analysis applies in this case and illustrates that the prior violent felony aggravator is void for vagueness. It failed to provide notice to Nichols that his sentence could be enhanced and it invited arbitrary application. When a sentence of death rests wholly upon an unconstitutionally vague aggravating factor it is invalid. *Godfrey*, 446 U.S. at 427-28. Therefore, the death sentence should be vacated.

### 3. This claim has not been exhausted in state court because it is based on a new substantive rule of constitutional law applicable to cases on collateral review.

Local Rule 9.4(d) requires habeas petitioners to state the reason why an issue has not been fully exhausted in state court. Nichols' claim is not exhausted because it is based on a newly-arising rule of constitutional law that was just made applicable to cases on collateral review. On April 18, 2016, the Supreme Court held in *Welch* that the rule in *Johnson* is a new substantive constitutional rule that has retroactive effect in cases on collateral review. *Welch*, 136 S. Ct at 1265.

---

[3] "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. §4B1.2(a)

{9}

Accordingly, the *Johnson* claim was previously unavailable to Nichols and he could not have earlier raised it in state or federal court. *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015).

If there is a state court remedy for Nichols' newly-arising *Johnson* claim, it should first be presented to the state court. The Supreme Court emphasizes that where state court remedies to correct federal constitutional errors are available, the state courts should be afforded that opportunity. This principle lies at the heart of the exhaustion doctrine. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Under Tennessee law, a defendant is permitted to file a motion to reopen a previous post-conviction proceeding when a federal appellate court issues a final ruling establishing a constitutional right that was not recognized as existing at the time of trial but now is required to be recognized and applied in his case. Tenn. Code Ann. §§ 40-30-117(a)(1)[4] and 40-30-122.[5] The Supreme Court's decision in *Johnson* established a new right that impacts the legality of Nichols' death sentence

---

[4] Tenn. Code Ann. § 40-30-117(a)(1) provides that a defendant may file a motion to reopen a post-conviction petition if it "is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required."

[5] Tenn. Code Ann. § 40-30-122 provides that retrospective application of a new rule of constitutional criminal law is required if it "places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if the new rule "requires the observance of fairness safeguards that are implicit in the concept of ordered liberty." The new rule of *Johnson* satisfies both requirements.

in that it alters the range of conduct that the law punishes. *Welch*, 136 S. Ct. at 1264-65. In *Welch*, the Supreme Court held retroactive application of that right is required. *Id.* at 1265. Accordingly, *Johnson* and *Welch* satisfy the criteria for a state-court motion to reopen. Although a motion to reopen is to be filed within one year of the ruling of the "United States Supreme Court establishing a [retroactive] constitutional right that was not recognized as existing at the time of trial," Tenn. Code Ann. § 40-30-177(a)(1), Nichols will seek to exhaust state court remedies as soon as possible and in an expedient manner.

The exhaustion doctrine requires Nichols to present the new *Johnson* claim to the state court, but he is also entitled to preserve federal review of the claim. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court established a procedure that accomplishes both objectives. A habeas petitioner may present an unexhausted claim to the federal district court before the statute of limitations on that claim expires, and the district court may stay the federal proceeding and hold it in abeyance pending resolution of the claim in state court. *Id.* at 275-76. The *Rhines* procedure should be followed in this case. Nichols has "good cause" for not previously presenting this claim, his claim is "potentially meritorious," and Nichols' request is not an "intentionally dilatory litigation tactic[]." *Id.* at 278 (setting forth factors justifying a stay and abeyance procedure).

"Good cause" is established because Nichols will be presenting his *Johnson* claim at the first available opportunity. As a matter of law, the claim did not previously exist. *Johnson*, 135 S. Ct. at 2562-63 (discussing its departure from

{11}

previously determined law); *Welch*, 136 S. Ct. at 1264 ("It is undisputed that Johnson announced a new rule."). Both *Johnson* and *Welch* were decided after the conclusion of Nichols' conviction, direct appeal, state post-conviction proceeding, and first habeas corpus proceeding. The Supreme Court declared *Johnson* retroactive to cases on collateral review on April 18, 2016. *Welch*, 135 S. Ct. at 1265. Given Tennessee's statutory requirement that the new rule of law be declared retroactive, Tenn. Code Ann. §§ 40-30-117(a)(1) and 40-30-122, the *Johnson* claim could not have been brought before the state courts until *Welch* was decided.

Nichols' *Johnson* claim also satisfies the "potentially meritorious" requirement for a stay of the current proceeding. As explained above, *Johnson* held that language in a federal statute which enhances a sentence based on a prior violent felony was void-for-vagueness. The unconstitutionally vague language at issue in *Johnson* is substantially similar to the language of the aggravating circumstance that enhanced Nichols' sentence to the death penalty. Accordingly, Nichols' claim has potential merit.

Finally, an abeyance of this proceeding pending state-court exhaustion is warranted because Nichols' interest in obtaining federal review of his *Johnson* claim and judicial economy outweigh the competing interests in finality and speedy resolution of federal habeas petitions in general. *Rhines*, 544 U.S. at 278. It is well-settled that where a "sentence in fact is not authorized by substantive law, then finality interests are at their weakest." *Welch*, 136 S. Ct. at 1266. An abeyance is

{12}

not requested for the purpose of "dragging out indefinitely [Nichols'] federal habeas review," *Rhines*, 544 U.S. at 278, but to provide him an opportunity to vindicate his constitutional rights under the newly-declared rule in *Johnson*. In the event that Nichols' *Johnson* claim does not prevail in state court, he will return to this Court with an amendment to this habeas petition that will include the state court adjudication. If Nichols prevails in state court, this proceeding will be rendered moot. Under either scenario judicial economy is well-served by holding the case in abeyance.

## RELIEF REQUESTED

For the above-stated reasons Nichols respectfully requests:

1. That the case be held in abeyance so petitioner may exhaust any available state court remedies;

2. That upon completion of exhaustion proceedings, petitioner be permitted to amend this petition with the state court adjudication;

3. That respondent be required to answer the allegations of this petition and/or an amended petition;

4. That petitioner be granted an opportunity to file a reply to the answer and to expand the record as may be appropriate;

5. That the Court hear oral argument on petitioner's claim;

6. That after such a hearing, the Court vacate the unconstitutional death sentence;

7. That the Court grant all other relief as may be appropriate under the facts and circumstances as developed in this proceeding.

>Respectfully submitted,
>
>FEDERAL DEFENDER SERVICES
>OF EASTERN TENNESSEE, INC.
>
>BY: s/Dana C. Hansen Chavis
>Dana C. Hansen Chavis
>Asst. Federal Community Defender
>800 S. Gay Street, Suite 2400
>Knoxville, TN  37929
>(865) 637-7979

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2016, the foregoing *Second Petition for Writ under 28 U.S.C. § 2254 for Writ of Habeas Corpus* was filed electronically. Notice was electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice was delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

>s/Dana C. Hansen Chavis
>Dana C. Hansen Chavis

{14}

## **VERIFICATION**

On behalf of Petitioner Harold Wayne Nichols, and with the permission of Mr. Nichols, I declare under penalty of perjury that the foregoing is true and correct, this 17th day of May, 2016.

        FEDERAL DEFENDER SERVICES
        OF EASTERN TENNESSEE, INC.

        <u>s/Dana C. Hansen Chavis</u>
        Dana C. Hansen Chavis
        Asst. Federal Community Defender
        800 S. Gay Street, Suite 2400
        Knoxville, TN  37929
        (865) 637-7979

        Attorney for Harold Wayne Nichols

{15}

Case 1:16-cv-00245-TRM   Document 1   Filed 06/23/16   Page 17 of 19   PageID #: 17

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29 day of ~~May~~, 2016.
April

_Harold W Nichols_
Harold Wayne Nichols

{16}

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2016, the foregoing *Second Petition for Writ under 28 U.S.C. § 2254 for Writ of Habeas Corpus* was filed electronically. Notice was electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice was delivered to John H. Bledsoe, Office of the Tennessee Attorney General, P.O. Box 20207, Nashville, TN 37202, via regular U.S. Mail and via email at John.bledsoe@ag.tn.gov . Notice was delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Dana C. Hansen Chavis<br>
Dana C. Hansen Chavis